62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy Eugene LAYNE, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 94-2366.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Leroy Eugene Layne, a pro se Michigan plaintiff, appeals a district court order granting summary judgment to the defendant in his employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Layne (who is African-American) was hired by the defendant Internal Revenue Service (IRS) in August 1987 as a Revenue Officer and immediately entered training and a one-year probationary period. On July 8, 1988, prior to completing his probationary period, his employment was terminated on the ground that his performance was unacceptable in several critical areas. Layne, however, alleged that he was fired because of his race and filed a formal complaint with the Treasury Department. The agency found in favor of the defendant and Layne appealed to the Equal Employment Opportunity Commission (EEOC), which conducted a hearing before an administrative judge. The EEOC issued a decision on July 29, 1993, finding no unlawful discrimination and notifying Layne of his right to sue. Layne then timely filed this complaint in the district court.
 
 
 4
 The defendant moved for summary judgment on the ground that Layne had failed to establish a prima facie case of discrimination and that, even if it were assumed that he had, the defendant had articulated a legitimate, nondiscriminatory reason to terminate his employment, namely, his unacceptable performance in several critical elements of the position. The district court conducted an oral hearing on October 31, 1994, and granted the defendant's motion in an order filed the same day.
 
 
 5
 On appeal, Layne argues that the district court erred in granting the defendant's motion for summary judgment. He has filed motions for the appointment of counsel and for a transcript at government expense.
 
 
 6
 This court reviews a district court's order granting summary judgment de novo, using the same test as used by the district court. City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see City Mgmt. Corp., 43 F.3d at 250. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 7
 The district court appropriately granted summary judgment to the defendant in this case because Layne has failed to establish a prima facie case of discrimination. The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case by showing that: (1) he is a member of a protected class, (2) he was subject to an adverse employment action or was discharged, (3) he was qualified for the position, and (4) he was replaced by a person outside of the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under a disparate treatment theory, the fourth element of the prima facie case is satisfied by showing that a similarly-situated non-minority employee received better treatment for the same or similar conduct. Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992). Establishment of a prima facie case in effect creates a presumption of unlawful discrimination. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). The employer may rebut this presumption by articulating some legitimate, non-discriminatory reason for the employee's discharge. The burden then shifts back to the employee to demonstrate that the employer's stated reason for discharge was a mere pretext for intentional racial discrimination. Id. at 2747-48.
 
 
 8
 Layne fulfills the first two elements of a prima facie case. He is a member of a protected class and was discharged from his employment. However, he has not created a genuine issue of material fact as to whether he was qualified for the position of Journeyman Revenue Officer, which was the goal of his probationary training. Documents in the record amply support the district court's conclusion that Layne's performance did not meet the expected level from his Phase I training all the way through his ten-month review. Although Layne attempted to rebut this evidence with his own self-evaluations and the administrative-hearing opinion testimony of his union steward, such "subjective beliefs ... are wholly insufficient evidence to establish a claim of discrimination as a matter of law." See Mitchell, 964 F.2d at 584-85.
 
 
 9
 Accordingly, Layne's motion for the appointment of counsel is denied. His motion for a transcript at government expense is denied as moot because a similar motion was previously granted by the district court. The district court's judgment, entered on November 2, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation